## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHARLES DOUGLAS MCDOWELL,
    an Adult Individual; and      )

                            )

THOMAS LEO MULLER          )    Civil Action No.:
    an Adult Individual;         )      3:20-cv-00433-FLW-DEA

      Plaintiffs,          )

                            )

vs.                        )

GURBIR GREWAL, in his official capacity   )
as Attorney General of New Jersey;    )

PATRICK J. CALLAHAN, in his official   )
capacity as Superintendent of the     )
New Jersey Division of State Police;   )

DAMON G. TYNER, in his official     )
capacity as Atlantic County Prosecutor;   )

MARK MUSELLA, in his official capacity as )
Bergen County Prosecutor;        )

SCOTT A. COFFINA, in his official capacity as )
Burlington County Prosecutor;      )

JILL S. MEYER, in her official capacity as  )
Acting Camden County Prosecutor;    )

JEFFREY H. SUTHERLAND, in his official  )
capacity as Cape May County Prosecutor;  )

JENNIFER WEBB-MCRAE, in her official  )
capacity as Cumberland County Prosecutor;

THEODORE N. STEPHENS II, in his official
capacity as Acting Essex County Prosecutor;

**CONTINUED**

CHARLES FIORE, in his official capacity as )
Gloucester County Prosecutor; )

ESTHER SUAREZ, in her official capacity as )
Hudson County Prosecutor; )

MICHAEL J. WILLIAMS, in his official )
capacity as Acting Hunterdon County Prosecutor; )

ANGELO J. ONOFRI, in his official capacity )
as Mercer County Prosecutor; )

CHRISTOPHER KUBERIET, in his official capaci )
as Acting Middlesex County Prosecutor; )

CHRISTOPHER J. GRAMICCIONI, in his official )
capacity as Monmouth County Prosecutor; )

FREDRIC M. KNAPP, in his official capacity as )
Morris County Prosecutor; )

BRADLEY D. BILLHIMER, in his official )
capacity as Ocean County Prosecutor; )

CAMELIA M. VALDES, in her official )
capacity as Passaic County Prosecutor; )

JOHN T. LENAHAN, in his official capacity )
as Salem County Prosecutor; )

MICHAEL H. ROBERTSON, in his official )
capacity as Somerset County Prosecutor; )

FRANCIS A. KOCH, in his official capacity
as Sussex County Prosecutor;

2

CONTINUED

LYNDSAY V. RUOTOLO, in her official                )
capacity as Acting Union County Prosecutor;         )
                                                    )
RICHARD T. BURKE, in his official capacity as       )
Warren County Prosecutor.                           )
                                                    )
                              Defendants            )
                                                    )


## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Evan F. Nappen                                    Michael Antonio Giaramita Jr.
Bar No.        NJ 044481988                       Bar Nos.      PA 319299
Louis P. Nappen                                                 NJ 135252014
Bar No.        NJ 03322006                        GIARAMITA LAW OFFICES, P.C.
David W. Huang                                    101 West Chester Pike, Suite 1A
Bar No.        NJ 016732010                       Havertown, PA 19083
               PA 309737                          T: (484) 558-0076
               NY 5005798                         F: (484) 202-6332
Ali Homayouni                                     E: MIKE @GLAWPA.COM
Bar No.        NJ 046452011
               NY 5582275
EVAN F. NAPPEN ATTORNEY AT LAW, P.C.
21 Throckmorton Ave
Eatontown, NJ  07724
T: (732) 389-8888
F: (732) 389-8744
E: EVAN@EVANNAPPEN.COM



                    *Attorneys for Plaintiff*

3

**LOCAL CIVIL RULE 10.1 STATEMENT**

The mailing addresses of the parties to this action are:

Charles Douglas McDowell
c/o EVAN F. NAPPEN ATTORNEY AT LAW, P.C.
21 Throckmorton Ave
Eatontown, NJ  07724

Thomas Leo Muller
c/o EVAN F. NAPPEN ATTORNEY AT LAW, P.C.
21 Throckmorton Ave
Eatontown, NJ  07724

Gurbir Grewal
Office of The Attorney General
Richard J. Hughes Justice Complex (HJC)
8th Floor, West Wing
25 Market Street
Trenton, NJ 08625

Patrick J. Callahan
Office of the Superintendent
New Jersey State Police
P.O. Box 7068
West Trenton, NJ 08628

Damon G. Tyner
Office of the Atlantic County Prosecutor
4997 Unami Blvd., Suite 2
P.O. Box 2002
Mays Landing, NJ 08330

Mark Musella
Bergen County Prosecutor's Office
Two Bergen County Plaza
Hackensack, NJ 07601

Scott A. Coffina
Burlington County Office of the Prosecutor
Courts Facility - 2nd Floor
49 Rancocas Road
P.O. Box 6000
Mt. Holly, NJ 08060

Jill S. Mayer
Camden County Prosecutor's Office
200 Federal Street
Camden, New Jersey 08103

Jeffrey H. Sutherland
Cape May County Office of the Prosecutor
Cape May Court House
4 Moore Road DN-110,
Cape May, NJ 08210

Jennifer Webb-McRae
Cumberland County Prosecutor's Office
115 Vine Street
Bridgeton, NJ 08302

Theodore N. Stephens II
Acting Essex County Prosecutor
Veterans Courthouse
50 West Market Street
Newark, NJ 07102

Charles Fiore
Gloucester County Prosecutor's Office
70 Hunter Street
P.O. Box 623
Woodbury, NJ 08096

Esther Suarez
Hudson County Prosecutor's Office
595 Newark Avenue
Jersey City, NJ 07306

Michael J. Williams
Acting Hunterdon County Prosecutor's Office
65 Park Avenue
Flemington, NJ 08822

Angelo J. Onofri
Mercer County Prosecutor's Office
209 South Broad Street, 3rd Floor
Trenton, NJ 08650

Christopher L. C. Kuberiet
Middlesex County Prosecutor's Office
25 Kirkpatrick Street
New Brunswick, NJ 08901

Christopher J. Gramiccioni
Office of the Monmouth County Prosecutor
132 Jerseyville Avenue
Freehold, New Jersey 07728

Fredric M. Knapp
Morris County Prosecutor's Office
P.O. Box 900 – Court Street
Morristown, NJ  07963-0900

Bradley D. Billhimer
Ocean County Prosecutor's Office
119 Hooper Avenue
P.O. Box 2191
Toms River, N.J. 08754

Camelia M. Valdes
Passaic County Prosecutor's Office
401 Grand Street
Paterson, NJ 07505

John T. Lenahan
Salem County Prosecutor's Office
Fenwick Building, 2nd Floor
87 Market Street
P.O. Box 462
Salem, NJ 08079

Michael H. Robertson
Somerset County Prosecutor's Office
40 North Bridge Street
P.O. Box 3000
Somerville, NJ 08876

Francis A. Koch
Sussex County Prosecutor's Office
19-21 High Street
Newton, NJ 07860

Lyndsay V. Ruotolo
Office of the Union County Prosecutor
Andrew K. Ruotolo, Jr. Justice Center
32 Rahway Avenue
Elizabeth, NJ 07202

Richard T. Burke
Warren County Prosecutor's Office
413 Second Street
Belvidere, New Jersey 07823

## <u>Complaint</u>

COMES NOW Plaintiffs, Charles Douglas McDowell and Thomas Leo Muller, by and through their undersigned attorneys of record and bring this action against the above-named Defendants. Plaintiffs seek relief in the form of declaratory judgment holding that Defendants must honor the court order in the Probate Court of Houston County, State of Georgia granting McDowell a Weapons Carry License (hereinafter referred to as, the "Georgia Court Order") and the court order in the Superior Court of Delaware, New Castle County granting Muller a License to Carry a Concealed Deadly Weapon (hereinafter referred to as, the "Delaware Court Order) (collectively referred to herein as, the "Court Orders"). Plaintiffs further seek an injunction preventing Defendants from prosecuting Plaintiffs for carrying a handgun in New Jersey because the Court Orders must be honored in New Jersey. In support of their claim, Plaintiffs state as follows:

## <u>Parties, Jurisdiction and Venue</u>

1. Plaintiff Charles Douglas McDowell (hereinafter referred to as "Mr. McDowell") is an adult individual who presently resides in Houston County, Georgia.

2. Plaintiff Thomas Leo Muller (hereinafter referred to as "Mr. Muller") is an adult individual who presently resides in New Castle County, Delaware.

3. Defendant Gurbir Grewal (hereinafter referred to as "Defendant Grewal" or the "Attorney General") is presently the Attorney General of New Jersey (hereinafter referred to as "Defendant Grewal" or the "Attorney General"). As the Attorney General of New Jersey, Defendant Grewal is responsible for overseeing, supervising, delegating or personally exercising and enforcing the powers and duties of the New Jersey

8

Department of Law and Public Safety. This includes the Division of State Police within that Department, which is responsible for upholding and enforcing New Jersey's laws and regulations governing the possession and carrying of handguns. His official address is Richard J. Hughes Justice Complex (HJC), 8th Floor, West Wing, 25 Market Street, Trenton, NJ 08625. He is being sued in his official capacity.

4. Defendant Patrick J. Callahan is presently the Superintendent of the New Jersey Division of State Police (hereinafter referred to as "Defendant Callahan" or the "Superintendent"). In his role as Superintendent, Defendant Callahan is responsible for overseeing, supervising, delegating, exercising and enforcing the powers and duties of the New Jersey Department of Law and Public Safety under the guidance of the Attorney General. This specifically includes, but is not limited to, New Jersey's laws and regulations governing the possession and carry of handguns. His official address is Office of the Superintendent, New Jersey State Police, P.O. Box 7068, West Trenton, NJ 08628. He is being sued in his official capacity.

5. Defendant Damon G. Tyner is the Atlantic County Prosecutor (hereinafter referred to as "Defendant Tyner" or the "Atlantic County Prosecutor"). As the Atlantic County Prosecutor, he is the chief law enforcement officer in Atlantic County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Office of the Atlantic County Prosecutor, 4997 Unami Blvd., Suite 2, P.O. Box 2002, Mays Landing, NJ 08330. He is being sued in his official capacity.

6. Defendant Mark Musella is the Bergen County Prosecutor (hereinafter referred to as "Defendant Musella" or the "Bergen County Prosecutor"). As the Bergen County Prosecutor, he is the chief law enforcement officer in Bergen County, responsible for

prosecuting alleged violations of New Jersey law taking place within the County. His official address is Bergen County Prosecutor's Office, Two Bergen County Plaza, Hackensack, NJ 0760. He is being sued in his official capacity.

7. Defendant Scott A. Coffina is the Burlington County Prosecutor (hereinafter referred to as "Defendant Coffina" or the "Burlington County Prosecutor"). As the Burlington County Prosecutor, he is the chief law enforcement officer in Burlington County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Burlington County Office of the Prosecutor, Courts Facility - 2nd Floor, 49 Rancocas Road, P.O. Box 6000, Mt. Holly, NJ 08060. He is being sued in his official capacity.

8. Defendant Jill S. Mayer is the Acting Camden County Prosecutor (hereinafter referred to as "Defendant Mayer" or the "Camden County Prosecutor"). As the Camden County Prosecutor, she is the chief law enforcement officer in Camden County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. Her official address is Camden County Prosecutor's Office, 200 Federal Street, Camden, NJ 08103. She is being sued in her official capacity.

9. Defendant Jeffrey H. Sutherland is the Cape May County Prosecutor (hereinafter referred to as "Defendant Sutherland" or the "Cape May County Prosecutor"). As the Cape May County Prosecutor, he is the chief law enforcement officer in Cape May County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Cape May County Office of the Prosecutor, Cape May Court House, 4 Moore Road DN-110,Cape May, NJ 08210. He is being sued in his official capacity.

10

10. Defendant Jennifer Webb-McRae is the Cumberland County Prosecutor (hereinafter referred to as "Defendant Webb-McRae" or the "Cumberland County Prosecutor"). As the Cumberland County Prosecutor, she is the chief law enforcement officer in Cumberland County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. Her official address is Cumberland County Prosecutor's Office, 115 Vine Street, Bridgeton, NJ 08302. She is being sued in her official capacity.

11. Defendant Theodore N. Stephens, II is the Acting Essex County Prosecutor (hereinafter referred to as "Defendant Stephens" or the "Essex County Prosecutor"). As the Acting Essex County Prosecutor, he is the chief law enforcement officer in Essex County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Veterans Courthouse, 50 West Market Street, Newark, NJ 07102. He is being sued in his official capacity.

12. Defendant Charles Fiore is the Gloucester County Prosecutor (hereinafter referred to as "Defendant Fiore" or the "Gloucester County Prosecutor"). As the Gloucester County Prosecutor, he is the chief law enforcement officer in Gloucester County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Gloucester County Prosecutor's Office, 70 Hunter Street, P.O. Box 623, Woodbury, NJ 08096. He is being sued in his official capacity.

13. Defendant Esther Suarez is the Hudson County Prosecutor (hereinafter referred to as "Defendant Suarez" or the "Hudson County Prosecutor"). As the Hudson County Prosecutor, she is the chief law enforcement officer in Gloucester County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. Her

11

official address is Hudson County Prosecutor's Office, 595 Newark Avenue, Jersey City, NJ 07306. She is being sued in her official capacity.

14. Defendant Michael J. Williams is the Acting Hunterdon County Prosecutor (hereinafter referred to as "Defendant Williams" or the "Hunterdon County Prosecutor"). As the Hunterdon County Prosecutor, he is the chief law enforcement officer in Hunterdon County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Hunterdon County Prosecutor's Office, 65 Park Avenue, Flemington, NJ 08822. He is being sued in his official capacity.

15. Defendant Angelo J. Onofri is the Mercer County Prosecutor (hereinafter referred to as "Defendant Onofri" or the "Mercer County Prosecutor"). As the Mercer County Prosecutor, he is the chief law enforcement officer in Mercer County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Mercer County Prosecutor's Office, 209 South Broad Street, 3rd Floor, Trenton, NJ 08650. He is being sued in his official capacity.

16. Defendant Christopher L. C. Kuberiet is the Middlesex County Prosecutor (hereinafter referred to as "Defendant Carey" or the "Middlesex County Prosecutor). As the Middlesex County Prosecutor, he is the chief law enforcement officer in Middlesex County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Middlesex County Prosecutor's Office, 25 Kirkpatrick Street, New Brunswick, NJ 08901. He is being sued in his official capacity.

17. Defendant Christopher J. Gramiccioni is the Monmouth County Prosecutor (hereinafter referred to as "Defendant Gramiccioni" or the "Monmouth County Prosecutor"). As the Monmouth County Prosecutor, he is the chief law enforcement officer in Monmouth

County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Office of the Monmouth County Prosecutor, 132 Jerseyville Avenue, Freehold, NJ 07728. He is being sued in his official capacity.

18. Defendant Fredric M. Knapp is the Morris County Prosecutor (hereinafter referred to as "Defendant Knapp" or the "Morris County Prosecutor"). As the Morris County Prosecutor, he is the chief law enforcement officer in Morris County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Morris County Prosecutor's Office, P.O. Box 900 – Court Street, Morristown, NJ 07963. He is being sued in his official capacity.

19. Defendant Bradley D. Billhimer is the Ocean County Prosecutor (hereinafter referred to as "Defendant Billhimer" or the "Ocean County Prosecutor"). As the Ocean County Prosecutor, he is the chief law enforcement officer in Ocean County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Ocean County Prosecutor's Office, 119 Hooper Avenue, P.O. Box 2191, Toms River, NJ 08754. He is being sued in his official capacity.

20. Defendant Camelia M. Valdes is the Passaic County Prosecutor (hereinafter referred to as "Defendant Valdes" or the "Passaic County Prosecutor"). As the Passaic County Prosecutor, she is the chief law enforcement officer in Passaic County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. Her official address is Passaic County Prosecutor's Office, 401 Grand Street, Paterson, NJ 07505. She is being sued in her official capacity.

21. Defendant John T. Lenahan is the Salem County Prosecutor (hereinafter referred to as "Defendant Lenahan" or the "Salem County Prosecutor"). As the Salem County

Prosecutor, he is the chief law enforcement officer in Salem County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Salem County Prosecutor's Office, Fenwick Building, 2nd Floor, 87 Market Street, P.O. Box 462, Salem, NJ 08079. He is being sued in his official capacity.

22. Defendant Michael H. Robertson is the Somerset County Prosecutor (hereinafter referred to as "Defendant Robertson" or the "Somerset County Prosecutor"). As the Somerset County Prosecutor, he is the chief law enforcement officer in Somerset County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Somerset County Prosecutor's Office, 40 North Bridge Street, P.O. Box 3000, Somerville, NJ 08876. He is being sued in his official capacity.

23. Defendant Francis A. Koch is the Sussex County Prosecutor (hereinafter referred to as "Defendant Koch" or the "Sussex County Prosecutor"). As the Sussex County Prosecutor, he is the chief law enforcement officer in Sussex County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Sussex County Prosecutor's Office, 19-21 High Street, Newton, NJ 07860. He is being sued in his official capacity.

24. Defendant Lyndsay V. Ruotolo is the Acting Union County Prosecutor (hereinafter referred to as "Defendant Monahan" or the "Acting Union County Prosecutor"). As the Acting Union County Prosecutor, she is the chief law enforcement officer in Union County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. Her official address is Office of the Union County Prosecutor, Andrew K. Ruotolo, Jr. Justice Center, 32 Rahway Avenue, Elizabeth, NJ 07202. She is being sued in her official capacity.

14

25. Defendant Richard T. Burke is the Warren County Prosecutor (hereinafter referred to as "Defendant Burke" or the "Warren County Prosecutor). As the Warren County Prosecutor, he is the chief law enforcement officer in Warren County, responsible for prosecuting alleged violations of New Jersey law taking place within the County. His official address is Warrant County Prosecutor's Office, 413 Second Street, Belvidere, NJ 07823.

26. The above-named Defendants are referred to collectively hereinafter as "Defendants."

27. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 as this is an action for declaratory judgment and injunctive relief seeking to enforce the provisions of 28 U.S.C. § 1738 and the protections provided in Article IV, Section 1 of the United States Constitution.

28. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

29. The wrongful acts, policies and procedures sought to be corrected through declaratory and injunctive relief are presently enforced and upheld in this District, and therefore, venue is proper.

## STATEMENT OF FACTS

*Facts Relevant to Mr. McDowell*

30. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

31. Plaintiff, Mr. McDowell, is a law-abiding gun owner who regularly participates in activities and courses related to firearms safety, training and education.

32. As a law-abiding gun owner, Mr. McDowell further participates in training related to self-defense with firearms.

33. On December 28, 2017, the Probate Court of Houston County, State of Georgia entered a court Order that Mr. McDowell be issued a weapons carry license (the "Georgia Court Order"). An exemplified copy of the Georgia Court Order is attached hereto as *Exhibit "A."*

34. In accordance with his training, as permitted by law, Mr. McDowell regularly carries a pistol for self-protection and protection of his loved ones.

35. On several occasions, Mr. McDowell has been invited to participate in firearms training courses in New Jersey.

36. Due to the harsh nature of New Jersey gun laws —which include felony convictions for the slightest deviations and mandatory minimums in state prison— Mr. McDowell has refrained from entering New Jersey for said training despite his desire to do so. A sworn affidavit executed by Mr. McDowell is attached hereto as *Exhibit "B."*

*Facts Relevant to Mr. Muller*

37. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

38. Plaintiff, Mr. Muller, is a law-abiding gun owner who regularly participates in activities and courses related to firearms safety, training and education.

39. As a law-abiding gun owner, Mr. Muller further participates in training related to self-defense with firearms.

40. On August 4, 2016, the Superior Court of Delaware, New Castle County entered a court Order signed by the Honorable Richard R. Cooch approved for Mr. Muller a license to carry a concealed deadly weapon (the "Delaware Court Order"). An exemplified copy of the Delaware Court Order is attached hereto as *Exhibit "C."*

16

41. In accordance with his training, as permitted by law, Mr. Muller regularly carries a pistol for self-protection and protection of his loved ones.

42. For multiple reasons, Mr. Muller desires to travel to New Jersey, part of which includes participation in activities related to firearms.

43. Due to the harsh nature of New Jersey gun laws —which include felony convictions for the slightest deviations and mandatory minimums in state prison— Mr. Muller has refrained from entering New Jersey on numerous occasions. A sworn affidavit executed by Mr. Muller is attached hereto as *Exhibit "D."*


*Facts Common to Both Plaintiffs*

44. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

45. Under New Jersey law, a person cannot lawfully possess a handgun, including an antique handgun, without first having obtained a permit to carry the same or falling under exemption. *See,* N.J.S. 2C:39-5b and N.J.S. 2C:39-6.

46. Persons who possess a handgun in New Jersey without a valid New Jersey Permit to Carry a Handgun (hereinafter referred to as a "New Jersey Permit to Carry") are guilty of a crime of the second degree unless they fall under the aforementioned narrow, limited and wholly unforgiving exemptions.

47. A crime of the second degree is punishable by up to ten (10) years in state prison. N.J.S. 2C:43-1.

48. Furthermore, a conviction for unlawful handgun possession under N.J.S. 2C:39-5b carries a mandatory minimum sentence of three and a half years (42 months) in state prison with no eligibility for parole. N.J.S. 2C:43-6c.

49. Because a crime of the second degree is a felony level offense and punishable by imprisonment for a term exceeding one year (maximum possible sentence, not the sentence served), any conviction will render a person prohibited from possessing firearms under federal law. 18 U.S.C. § 922(g)(1).

50. New Jersey law provides no mechanism to carry a firearm for personal protection or protection of others without a New Jersey Permit to Carry.

51. Without a New Jersey Permit to Carry, New Jersey law does not even afford a mechanism to lawfully possess a handgun, whether loaded or unloaded, in a hotel or other temporary overnight accommodations.

52. The Firearms Owner Protection Act (hereinafter referred to as, "FOPA"), as interpreted by the Third Circuit, does not protect one possessing a handgun in a hotel or other temporary overnight accommodation. See, *Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 136 (3d Cir. 2010).

53. As prescribed by 2C:58-4, a New Jersey Permit to Carry is issued by way of court order entered by the New Jersey Superior Court.

54. In the event that the New Jersey Superior Court enters an order denying the applicant a New Jersey Permit to Carry, the applicant may file an appeal in the same manner as one would appeal any final appealable court order ("in accordance with law and the rules governing the courts of this State") N.J.S. 2C:58-4(e).

55. In contravention of the United States Constitution and the United States Code, Defendants have refused to honor out-of-state court orders issuing permits and/or licenses to carry firearms as they do New Jersey Permits to Carry.

56. Because of Defendants' refusal to comply, Plaintiffs are precluded from exercising the rights and protections afforded under their respective Court Orders despite their desire to do so.

### FIRST CLAIM FOR RELIEF
### Violation of 28 U.S.C. § 1738

57. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

58. As codified in 28 U.S.C. § 1738, federal law demands full faith and credit for records and judicial proceeding of any court in any state. Section 1738 reads, in pertinent part:

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

59. The Georgia Court Order attached to this Complaint as *Exhibit "A"* includes an attestation of the Clerk of the Probate Court of Houston County, Georgia.

60. Furthermore, the Georgia Court Order contains a certificate of Judge Kim Willson stating that the said attestation is in proper form.

61. Finally, the Georgia Court Order bears the seal of the Probate Court of Houston County, Georgia.

62. Accordingly, the Georgia Court Order is compliant with 28 U.S. Code § 1738.

63. Similarly, the Delaware Court Order attached to this Complaint as *Exhibit "C"* includes an attestation of the Prothonotary (clerk) of the Superior Court of the State of Delaware in and for New Castle County.

64.  Additionally, the Delaware Court Order contains a certificate of Resident Judge Richard R. Cooch stating that the said attestation is in proper form.

65. Lastly, the Delaware Court Order bears the seal of the Superior Court, State of Delaware.

66. Consequently, the Delaware Court Order is also compliant with 28 U.S. Code § 1738.

67. Compliant court records and judicial proceedings of *any court* of *any state* must be granted full faith and credit in *every court within the United States*.

68. Therefore, if Plaintiffs were prosecuted under N.J.S. 2C:39-5b, every New Jersey court would be bound to honor the Court Orders.

69. Defendants are responsible for enforcing and upholding criminal laws in New Jersey, including, but not limited to N.J.S. 2C:39-5b, and the prosecution of violations thereof.

70. Under N.J.S. 2C:39-5b, possession of a handgun is *not* prohibited by those who have a permit to carry the same.

71. Based on the above, if Plaintiffs were prosecuted under N.J.S. 2C:39-5b, *every* New Jersey court would be bound to honor the Court Orders and grant it the *same* full faith and credit as it has in Georgia.

72. Defendants presently —albeit erroneously— take the position that a person who has obtained an out-of-state court order issuing a license or permit to carry a handgun can still be guilty of violating N.J.S. 2C:39-5b. *See* FOX NEWS NETWORK article *"Honest Mistake" leads to Philly mother facing three years on gun charge* by Joshua Rhett Miller published July 16, 2014 regarding State v. Shaneen Allen.

 https://www.foxnews.com/us/honest-mistake-leads-to-philly-mother-facing-three-years-on-gun-charge.

73. Plaintiffs wish to lawfully possess, transport and carry a handgun in New Jersey, but refrain from doing so in fear of erroneous prosecution.

74. Unless this Court enjoins Defendants from doing so, Defendants will arrest and prosecute Plaintiffs for possessing, transporting or carrying a handgun in New Jersey and will refuse to grant full faith and credit to the Court Orders.

75. Defendants' violation of a clear statutory mandate harms the public in and of itself.

76. There is no adequate remedy at law as Plaintiffs face prosecution, incarceration, permanent loss of their Second Amendment firearms rights and rights granted to them by way of the Court Orders without intervention by this Court.


WHEREFORE, Plaintiffs pray this Honorable Court grant judgment in their favor, and against Defendants, entering an order:

   a) Declaring that exemplified acts, records, and judicial proceedings from Georgia issuing a weapons carry license, including Mr. McDowell's Georgia Court Order, shall be granted full faith and credit in every court in New Jersey;

   b) Declaring that exemplified acts, records, and judicial proceedings from Delaware issuing a license to carry a concealed deadly weapon, including Mr. Muller's Delaware Court Order, shall be granted full faith and credit in every court in New Jersey;

c)  Declaring that exemplified acts, records, and judicial proceedings from Georgia issuing a weapons carry license, including Plaintiff's Georgia Court Order, shall have the same effect as a "permit to carry" as identified in N.J.S. 2C:39-5b;

d)  Declaring that exemplified acts, records, and judicial proceedings from Delaware issuing a license to carry a concealed deadly weapon, including Mr. Muller's Delaware Court Order, shall have the same effect as a "permit to carry" as identified in N.J.S. 2C:39-5b;

e)  Enjoining Defendants from arresting and/or prosecuting, under 2C:39-5b, individuals who have been issued a weapons carry license by way of court order, public acts, records, and judicial proceedings from any state in the United States.

### SECOND CLAIM FOR RELIEF
### Violation of Article IV, Section 1 of the
### United States Constitution

77. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

78. Under Article IV, Section 1 of the United States Constitution:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

79. Congress, by way of 28 U.S. Code § 1738, has prescribed the manner in which judicial proceedings of other states may be proved.

80. The Court Orders are compliant with 28 U.S. Code § 1738, and as such, is sufficiently proved.

22

81. Accordingly, the Court Orders must be given full faith in credit in *every other state*, namely, in New Jersey.

82. Therefore, if Plaintiffs were prosecuted under N.J.S. 2C:39-5b, every New Jersey court would be bound to honor the Court Orders.

83. Defendants are responsible for enforcing and upholding criminal laws in New Jersey, including, but not limited to N.J.S. 2C:39-5b, and the prosecution of violations thereof.

84. Under N.J.S. 2C:39-5b, possession of a handgun is *not* prohibited by those who have a permit to carry the same.

85. Under Article IV, Section 1 of the United States Constitution, if Plaintiffs were prosecuted under N.J.S. 2C:39-5b, New Jersey courts would be bound to honor the Court Orders and grant them the *same* full faith and credit as it has in Georgia and Delaware, respectively, and/or equal protection provided by a New Jersey Permit to Carry.

86. Defendants presently take a position that is in stark contravention with the United States Constitution.

87. Defendants refuse to grant full faith and credit to the Court Orders.

88. Full faith and credit would require New Jersey honor the Court Orders to the fullest extent and give them the same effect as a New Jersey court order.

89. Defendants erroneously maintain that a person who has obtained an out-of-state court order issuing a license or permit to carry a handgun can still be guilty of violating N.J.S. 2C:39-5b.

90. Plaintiffs wish to lawfully possess, transport and carry a handgun in New Jersey, but refrains from doing so in fear of erroneous prosecution.

91. Unless this Court enjoins Defendants from doing so, Defendants will arrest and prosecute Plaintiffs for possessing, transporting or carrying a handgun in New Jersey and will refuse to grant full faith and credit to the Court Orders.

92. Defendants' violation of a clear mandate under the United States Constitution harms the public in and of itself.

93. There is no adequate remedy at law as Plaintiffs face prosecution, incarceration and permanent loss of firearms rights without intervention by this Court.

WHEREFORE, Plaintiff prays this Honorable Court grant judgement in his favor, and against Defendants, entering an order:

    a) Declaring that exemplified acts, records, and judicial proceedings from Georgia issuing a weapons carry license, including Mr. McDowell's Georgia Court Order, shall be granted full faith and credit in every court in New Jersey;

    b) Declaring that exemplified acts, records, and judicial proceedings from Delaware issuing a license to carry a concealed deadly weapon, including Mr. Muller's Delaware Court Order, shall be granted full faith and credit in every court in New Jersey;

    c) Declaring that exemplified acts, records, and judicial proceedings from Georgia issuing a weapons carry license, including Plaintiff's Georgia Court Order, shall have the same effect as a "permit to carry" as identified in N.J.S. 2C:39-5b;

    d) Declaring that exemplified acts, records, and judicial proceedings from Delaware issuing a license to carry a concealed deadly weapon, including Mr. Muller's

Delaware Court Order, shall have the same effect as a "permit to carry" as identified in N.J.S. 2C:39-5b;

e) Enjoining Defendants from arresting and/or prosecuting, under 2C:39-5b, individuals who have been issued a weapons carry license by way of court order, public acts, records, and judicial proceedings from any state in the United States.

Respectfully Submitted,

/s/ Evan F. Nappen
Evan F. Nappen
Bar No. 044481988
Louis P. Nappen
Bar No. 002233006
David W. Huang
Bar No. 016732010
Ali Homayouni
Bar No. 046452011
EVAN F. NAPPEN ATTORNEY AT LAW, P.C.
21 Throckmorton Ave
Eatontown, NJ  07724
T: (732) 389-8888
F: (732) 389-8744
E: EVAN@EVANNAPPEN.COM

/s/ Michael Antonio Giaramita, Jr.
Michael Antonio Giaramita Jr.
Bar Nos.         PA 319299
                 NJ 135252014
GIARAMITA LAW OFFICES, P.C.
101 West Chester Pike, Suite 1A
Havertown, PA 19083
T: (484) 558-0076
F: (484) 202-6332
E: MIKE @GLAWPA.COM

*Attorneys for Plaintiff*